1
2
3                    **UNITED STATES DISTRICT COURT**

4                         **DISTRICT OF NEVADA**

5                                   * * *

6    MICHAEL FELLING.                        Case No. 2:20-cv-2014-GMN-BNW

7                    Plaintiff,              **Order re ECF No. 23**

8        v.

9    HOMEAWAY.COM, INC., et al.

10                   Defendants.

11

12

13          Before the Court is plaintiff Michael Felling's motion for service by publication. ECF No.

14   23.  The Court finds that plaintiff does not meet the requirements for service by publication.

15   Therefore, ECF No. 23 will be denied without prejudice.

16   **I.      Background.**

17          Plaintiff has been unable to serve defendant Dmarco Jimmerson. ECF No. 23. Plaintiff

18   obtained a "Skip Trace Report" and identified two potential residences in Maricopa County,

19   Arizona, where Jimmerson may reside. ECF No. 23. The process server attempted service at these

20   two addresses but it became clear that Jimmerson did not reside there. *Id*.  Plaintiff filed the

21   underlying motion on February 11, 2021.  *Id*.

22   **II.     Service by publication**

23          The Constitution does not require any particular means of service of process.  *Rio Props.,*

24   *Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover*

25   *Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Instead, it requires only that service "be reasonably

26   calculated to provide notice and an opportunity to respond."  *Id*.  To that end, service of process is

27   governed by Rule 4 of the Federal Rules of Civil Procedure.

28

Rule 4(e) governs service of individuals located within a judicial district of the United States. Fed. R. Civ. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[1] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set

---

[1] NRCP 4.4 provides:

(c) **Service by Publication.** If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
(1) **Conditions for Publication.** Service by publication may only be ordered when the defendant:
(A) cannot, after due diligence, be found;
(B) by concealment seeks to avoid service of the summons and complaint; or
(C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
(2) **Motion Seeking Publication.** A motion seeking an order for service by publication must:
(A) through pleadings or other evidence establish that:
(i) a cause of action exists against the defendant who is to be served; and
(ii) the defendant is a necessary or proper party to the action;
(B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
(C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
(D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
(E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
(i) the defendant's last-known address;
(ii) the dates during which the defendant resided at that location; and
(iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[2] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); Fed. R. Civ. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

Here, the Court finds that plaintiff has not made the requisite showing under NRCP 4.4(c)—and, by extension, federal Rule 4(e)(1)—to effect service of process upon Jimmerson by publication. Specifically, plaintiff has met requirement numbers 3, 4, and 6, but not the others.

Beginning with number 3, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019). Plaintiff's theory, set forth in its pleadings, meets the third requirement.

Further, the Court finds that, based on plaintiff's complaint, Jimmerson is a necessary and proper party to this matter because he supposedly played a role in the alleged conduct. Thus, Plaintiff meets the fourth requirement, too.

Turning to requirement no. 6, NRCP 4.4 provides that a litigant who desires to serve her adversary by publication must "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought[.]" NRCP 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons. However, the required content of summonses issued by the federal court is governed by Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(a). Rule 4 is consonant with the Rules Enabling Act and the U.S. Constitution because it does not "abridge, enlarge, or modify any substantive right." *See* 28 U.S.C. § 2072; *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 n.7 (1996). Accordingly, Rule 4 will govern the content of the summonses issued in this case and

1    the Court will not ask plaintiff to modify the summons already issued for Jimmerson at ECF No.

2    18.

3          Regarding requirement no. 8, it appears that plaintiff has identified Jimmerson's last-

4    known address in Arizona.  However, the motion does not indicate the dates during which he

5    lived there.

6          Additionally, Plaintiff has not satisfied requirement no. 7 as he has not suggested one or

7    more newspapers in which the summons should be published and that is reasonably calculated to

8    give Jimmerson actual notice.

9          Further, the Court lacks the information necessary to assess whether plaintiff meets the

10   remaining requirements.  To determine the propriety of service by publication, "Nevada courts

11   principally consider the number of attempts made by plaintiffs . . . **and other methods of**

12   **locating defendants, such as consulting public directories and family members."** *Nat. Union*

13   *Fire Ins. Co. of Pittsburgh, PA v. Monroe*, 2011 WL 383807, at *2 (D. Nev. Feb. 2, 2011) (citing

14   *Price v. Dunn*, 787 P.2d 785, 786–87 (Nev. 1990); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev.

15   1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (1994)).  To be sure, there is "no objective,

16   formulaic standard for determining what is, or is not, due diligence." *Abreu*, 985 P.2d at 749.

17   Due diligence "is not quantifiable by reference to the number of service attempts or inquiries into

18   public records." *Id.*  Instead, "due diligence is measured by the qualitative efforts of a specific

19   plaintiff seeking to locate and serve a specific defendant." *Id.*

20         Here, plaintiff represents that his skip trace yielded two possible addresses in Arizona, but

21   there is no indication about what the skip trace entailed.  The Court is satisfied that Jimmerson

22   cannot be found at the two addresses where plaintiff attempted service.  However, without

23   specific information about plaintiff's efforts to locate Jimmerson's address—including,

24   principally, what public or propriety databases were consulted—plaintiff's motion does not:

25   establish that "the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are

26   impracticable"; demonstrate that the defendant cannot, after due diligence, be found, or that the

27   defendant seeks to avoid service of process through concealment; or set forth specific facts

28   demonstrating the efforts plaintiff made to locate and serve the defendant. *See* NRCP 4.4(c).

Additionally, Nevada law enables the Court to order Plaintiff "to make reasonable efforts to provide additional notice . . . to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication." NRCP 4.4(d)(1). Should Plaintiff file a renewed motion requesting service by publication, this Court would also require Plaintiff to attempt these other methods as well. Thus, should Plaintiff seek to renew this motion, a declaration should be attached describing what other efforts were undertaken.

**III.    Enlarging the time for service**

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires the court to *sua sponte* extend the time for service if good cause is shown.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence, and it requires more than the mere inadvertence of counsel. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). To determine whether there exists good cause, the Court can analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Here, the Court finds that Plaintiff has shown good cause and will grant an extension *sua sponte*. Plaintiff filed its Amended Complaint on December 9, 2020. Since then, the process server diligently attempted service using the information it had available to it. ECF No. 23. Thus, Plaintiff has been diligent and the Court turns now to the three *Sheehan* factors.

The first *Sheehan* factor weighs against good cause because the record does not evince that Jimmerson received actual notice of the lawsuit. However, this lawsuit is still in its infancy and has not advanced beyond the pleading stage. Further, this would constitute Plaintiff's first extension. Thus, the Court finds that the second factor weighs in favor of good cause because Jimmerson will not be prejudiced by the extension. In addition, prejudice would certainly result if Plaintiff cannot hold accountable one of the persons it believes is responsible for the allegations

in the complaint. The Court in its discretion finds that Plaintiff's diligence, the lack of prejudice

Jimerson would suffer, and the prejudice Plaintiff would suffer constitutes good cause for an

extension.

**IV.     Conclusion.**

IT IS THEREFORE ORDERED that Plaintiff's motion (ECF No. 23) is DENIED without

prejudice.

IT IS FURTHER ORDERED that if Plaintiff wishes to file another motion requesting

service by publication, he must do so by May 21, 2021 and comply with the directives in this Order.

IT IS FURTHER ORDERED that the deadline for service upon Jimmerson is extended up

to and including 90 days following the issuance of this order.

DATED: April 30, 2021.

_____

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE